ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL VII**

| | | |
|---|---|---|
| **GIL A. CARRERO RIVERA**<br>RECURRENTE(S)<br><br>V.<br><br>**DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**<br>RECURRIDA(S) | **TA2026RA00054** | *REVISIÓN DE DECISIÓN ADMINISTRATIVA*<br>procedente del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**<br><br>Caso Núm.<br>**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**<br><br>Sobre:<br>Querella Disciplinaria |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

# S E N T E N C I A

En San Juan, Puerto Rico, hoy día 23 de febrero de 2026.

Comparece ante este Tribunal de Apelaciones, el señor **GIL A. CARRERO RIVERA** (señor **CARRERO RIVERA**) mediante *Recurso de Revisión Administrativa* interpuesta el 8 de febrero de 2026. En su recurso, nos solicita que revisemos la *Resolución (Querella Administrativa)* decretada 1 de octubre de 2025 por el oficial examinador de vistas disciplinarias del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**.[1] Mediante la antedicha *Resolución*, en lo pertinente, se dispuso: "se declara incurso al querellado".

En conformidad con lo dispuesto en la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede prescindir de términos no jurisdiccionales y escritos, con el propósito de lograr su más justo y eficiente despacho.[2] En consideración a lo anterior, procedemos a disponer sin requerir ulterior trámite.

---

[1] Dicho dictamen administrativo fue notificado el 14 de octubre de 2025. Apéndice del *Recurso de Revisión Administrativa*, entrada núm. 1 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).
[2] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 15-16, 216 DPR ___ (2025).

- I -

El señor **CARRERO RIVERA**, quien se encuentra bajo la custodia del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)**, está cumpliendo pena en la Institución Correccional 500 en Ponce.

El 11 de junio de 2025, en horas de la mañana, el señor Juan A. Vega Rodríguez, coordinador de programas y servicios de confinado, se personó a la Facilidad Médica Ponce 500 para realizar pruebas toxicológicas a varios reclusos. El resultado del señor **CARRERO RIVERA** arrojó positivo a antidepresivos tricíclicos (TCA).

Luego de varias suspensiones, la audiencia se celebró el 1 de octubre de 2025.Escuchada la prueba testifical del señor Vega Rodríguez y el señor **CARRERO RIVERA**, el oficial examinador de vistas disciplinarias del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** rindió la *Resolución* impugnada. El 14 de octubre de 2025, la *Resolución* le fue notificado al señor **CARRERO RIVERA**.

En desacuerdo, el 23 de octubre de 2025, el señor **CARRERO RIVERA** presentó su *Solicitud de Reconsideración de Decisión de Informe Disciplinario para Confinado*.

El 8 de febrero de 2026, el señor **CARRERO RIVERA** acudió ante este foro revisor mediante *Recurso de Revisión Administrativa.* En su escrito, señala el(los) siguiente(s) error(es):

> Erró el Departamento de Corrección y Rehabilitación, a través de su Oficial Examinador de Vistas Disciplinarias, al concluir que el peticionario incurrió en la violación al Código 129 del Reglamento Disciplinario basándose exclusivamente, o de manera prácticamente exclusiva, en el resultado de una prueba toxicológica rápida de carácter preliminar, sin evidencia sustancial adicional que demostrara el uso o posesión de sustancias controladas sin autorización médica, en contravención del estándar de evidencia sustancial exigido por la LPAU y la jurisprudencia.

> Erró la agencia recurrida al considerar como suficiente , y casi automática, la inferencia de "uso de sustancias controladas sin autorización médica" a partir de un resultado positivo a Antidepresivos Triciclicos (TCA), sin verificar adecuadamente la posible compatibilidad con medicamentos lícitos y sin que el técnico sociopenal cumpliera cabalmente con su deber reglamentario de verificar con el área médica los medicamentos recetados al peticionario, conforme al Artículo VII(B)(13) del

Reglamento para Administración de Pruebas Toxicológicas, actuando así de forma irrazonable, arbitraria y en desviación del propio reglamento aplicable.

Erró la agencia al interpretar y aplicar el Artículo VII(C)(16) y (17) del Reglamento para Administración de Pruebas Toxicológicas de manera que la falta de recursos económicos del peticionario para pagar la corroboración de laboratorio de la muestra se convierte en una presunción irrebatible a favor del resultado de la prueba rápida, imponiendo un requisito económico inconstitucional y violatorio del debido proceso de ley, al supeditar la posibilidad real de defensa a la capacidad de pago del confinado.

Erró el Oficial Examinador al concluir que el proceso disciplinario cumplió con el debido procedimiento de ley cuando, en los hechos, el peticionario se vio colocado en una situación procesal desventajosa, sin una oportunidad real y efectiva de refutar el resultado de la prueba rápida, al no facilitársele mecanismos razonables para acceder a la corroboración o para documentar la compatibilidad del resultado con medicamentos lícitos, y al desestimar sin análisis su alegación de indigencia y de no haber podido comunicarse con familiares para obtener los fondos.

El 12 de febrero de 2026, pronunciamos *Resolución* requiriéndole al señor **CARRERO RIVERA** presentar y/o suministrar copia fiel y exacta de su *Moción de Reconsideración*, así como cualquier otro documento para poder constatar si este Tribunal tiene *jurisdicción* o no para atender el recurso. Después, el 17 de febrero de 2026, el señor **CARRERO RIVERA** presentó su *Moción Suministrando Documento Requerido.*

- II -

-- A – *JURISDICCIÓN*

La *jurisdicción* es el poder o autoridad que tiene un tribunal para considerar y decidir los casos y controversias.[3] En consecuencia, la falta de *jurisdicción* de un tribunal incide directamente sobre su poder para adjudicar una polémica.[4]

Es por ello, que los tribunales deben ser celosos guardianes de su *jurisdicción* dado que los asuntos relacionados con esta son privilegiados y deben atenderse con prioridad.[5] Aun en ausencia de un señalamiento por alguna de las partes, la falta de *jurisdicción* puede ser considerada *motu proprio* por los tribunales. Por tratarse de una cuestión de umbral en todo

---

[3] *Municipio de Aguada v. W. Construction, LLC y otro,* 2024 TSPR 69; *FCPR v. ELA et al.,* 211 DPR 521 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.,* 210 DPR 384, 394 (2022).
[4] *Allied Mgmt. Group v. Oriental Bank,* 204 DPR 374, 385 (2020).
[5] *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267- 268 (2018).

procedimiento judicial, si un tribunal determina que carece de *jurisdicción* solo resta así declararlo y desestimar la reclamación inmediatamente, sin entrar en los méritos de la controversia, conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento del recurso en cuestión.[6]

La ausencia de *jurisdicción*, por tanto, acarrea las siguientes consecuencias: *"(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa de los procedimientos, a instancia de las partes o por el tribunal motu proprio".*[7]

Un recurso presentado antes del tiempo correspondiente (prematuro), al igual que el presentado luego del plazo aplicable (tardío), *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".*[8] En ambos casos, su presentación carece de eficacia y no produce ningún efecto jurídico.[9]

La Regla 83 del Reglamento del Tribunal de Apelaciones, sobre desistimiento y desestimación, faculta a este Tribunal para que desestime un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en los incisos (B) y (C).[10]

---

[6] *FCPR v. ELA et al.*, *supra*; *Cobra Acquisitions v. Mun. Yabucoa et al.*, *supra*; *Allied Mgmt. Group v. Oriental Bank*, *supra*, págs. 386- 387; *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-501 (2019).

[7] *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 395 (2022); *Beltrán Cintrón v. ELA*, 204 DPR 89, 101-102 (2020).

[8] *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 269 (2018); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007).

[9] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra*.

[10] Véase la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-118, 216 DPR ____ (2025). Dichos incisos leen: *"(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes: (1) que el Tribunal de Apelaciones carece de jurisdicción; (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello; (3) que no se ha presentado o proseguido con diligencia o de buena fe; (4) que el recurso es frívolo y surge claramente que no se ha sido presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos; o (5) que el recurso se ha convertido en académico"* y *"(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o deniegue un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. El tribunal no pierde jurisdicción por el*

## - III -

El señor **CARRERO RIVERA** sustancialmente puntea que el oficial examinador de vistas disciplinarias del **DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR)** se equivocó (i) al concluir que incurrió en la violación al Código 129 del Reglamento Disciplinario; (ii) al considerar como suficiente, y casi automática, la inferencia de "uso de sustancias controladas sin autorización médica" a partir de un resultado positivo a Antidepresivos Triciclicos (TCA), sin verificar adecuadamente la posible compatibilidad con medicamentos lícitos y sin que el técnico sociopenal cumpliera cabalmente con su deber reglamentario de verificar con el área médica los medicamentos recetados; (iii) al interpretar y aplicar el Artículo VII(C)(16) y (17) del Reglamento para Administración de Pruebas Toxicológicas de manera que su falta de recursos económicos para pagar la corroboración de laboratorio de la muestra se convierte en una presunción irrebatible a favor del resultado de la prueba rápida; y (iv) al concluir que el proceso disciplinario cumplió con el debido procedimiento de ley.

En el caso de marras, el 14 de octubre de 2025, se le entregó la *Resolución* refutada al señor **CARRERO RIVERA.** Por tanto, ostentaba un lapso de veinte (20) días, a partir de la fecha de archivo en autos de la notificación de la *Resolución*, para presentar una moción de reconsideración. Así, el 23 de octubre de 2025, el señor **CARRERO RIVERA** presentó su *Solicitud de Reconsideración de Decisión de Informe Disciplinario para Confinado.*[11] Por tanto, fue presentada oportunamente.

El **DCR** tenía quince (15) días para acoger dicho petitorio. Transcurrido el intervalo de quince (15) días, sin que el **DCR** actuara o considerara, se entiende rechazada de plano y comienza los treinta (30) días para recurrir ante este Tribunal de Apelaciones. Dado esto, el señor **CARRERO**

---

*incumplimiento de una parte con un requisito reglamentario que no es de naturaleza jurisdiccional o de cumplimiento estricto".*

[11] Apéndice de la *Moción Suministrando Documento Requerido*, entrada núm. 3 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC-TA).

RIVERA debió encausar su recurso apelativo en o antes del día **8 de diciembre de 2025**. Por consiguiente, al entablar su recurso el **8 de febrero de 2026**, es evidente que el señor CARRERO RIVERA se personó ante nos fuera del término *jurisdiccional* de treinta (30) días asentado por el Reglamento del Tribunal de Apelaciones. Esta tardanza nos priva de *jurisdicción* para atender la(s) controversia(s) planteada(s). Dada esta circunstancia, procede la *desestimación* del *Recurso de Revisión Administrativa* promovido por el señor GIL A. CARRERO RIVERA debido a la falta de *jurisdicción*.

- IV -

Por los fundamentos antes expuestos y en conformidad con la Regla 83 (B)(1) del Reglamento del Tribunal de Apelaciones, ***desestimamos,*** por falta de *jurisdicción,* el *Recurso de Revisión Administrativa* incoado el 8 de febrero de 2026 por el señor GIL A. CARRERO RIVERA; y ordenamos el cierre y archivo del presente caso.

**Notifíquese inmediatamente a las partes: señor GIL A. CARRERO RIVERA, por conducto de su representación legal: licenciado Wilfredo E. Da Silva Arocho, y el DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN (DCR).**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones